IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| In re:<br><br>**David M. Whitman,**<br><br>           Debtor. | Case No. 10-52595-MSS<br><br>Chief Judge Marilyn Shea-Stonum<br><br>Chapter 13<br><br>**Motion Of FirstMerit Bank, N.A., For Relief From Stay**<br><br>3681 Manchester Road<br>Akron, Ohio  44319 |
|---|---|

      FirstMerit Bank, N.A. (the "**Movant**") moves this Court, under Bankruptcy Code §§ 361, 362, and 363, and other sections of Title 11 of the United States Code, and under Federal Rule of Bankruptcy Procedure 4001 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362.  In support of this Motion, Movant states the following:

MEMORANDUM IN SUPPORT

      1.      The Court has jurisdiction over this matter under 28 U.S.C. § § 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

      2.      On or about October 9, 2007, the Debtor obtained a line of credit from FirstMerit Bank, N.A., in the amount of $50,000.  Such loan was evidenced by a Promissory Note dated October 9, 2007 ("**Note 52814**"), a copy of which is attached as Exhibit A.

      3.      On or about January 10, 2008, Debtor and FirstMerit Bank, N.A., consolidated and restated the terms of two other outstanding notes, and extended financing in the sum total of $255,961.87.  Such consolidation was evidenced by a Promissory Note dated January 10, 2008

1

("**Note 6936,**" and along with Note 52814, the "**Notes**"), a copy of which is attached as <u>Exhibit B</u>.

4. The first of the loans consolidated into Note 6936 was obtained by the Debtor on or about March 16, 2005, from FirstMerit Bank, N.A., in the amount of $226,840.77. Such loan was evidenced by a Promissory Note dated March 16, 2005 ("**Note 852**")**.**

5. The second of the loans consolidated into Note 6936 was obtained by Debtor on or about July 22, 2005, from FirstMerit Bank, N.A., in the amount of $100,000. Such loan was evidenced by a Promissory Note dated July 22, 2005 ("**Note 3577**").

6. To secure payment of Note 852 (and after consolidation, Note 6936) and performance of the other terms contained in it, the Debtor executed an *Open-End Mortgage* ("**Mortgage One**") in favor of FirstMerit Bank, N.A., dated March 16, 2005. Mortgage One granted a lien on the real property commonly known as 3681 Manchester Road, Akron, Ohio 44319 owned by Debtor (the "**Collateral**"). The Collateral is more fully described in Mortgage One, attached as <u>Exhibit C</u>.

7. The lien created by Mortgage One was duly perfected by:

    X    Filing of the Security Agreement in the office of the Summit County Recorder on March 24, 2005.

    ☐    Filing of the UCC-1 Financing Statement in the office of _____ _____ on <DATE>.

    ☐    Notation of the lien on the Certificate of Title.

    ☐    Other (state with particularity)_____

A copy of the recorded Mortgage One is attached as <u>Exhibit C</u>. Based on the Preliminary Judicial Report, the lien is the 1st lien on the Collateral.

8. To secure payment of Note 3577 (and after consolidation, Note 6936) and

performance of the other terms contained in it, the Debtor executed an *Open-End Mortgage* ("**Mortgage Two**") in favor of FirstMerit Bank, N.A., dated July 22, 2005. Mortgage Two granted a lien on the Collateral, as more fully described in Mortgage Two, attached as <u>Exhibit D</u>.

  9. The lien created by Mortgage Two was duly perfected by:

    X Filing of Mortgage Two in the office of the Summit County Recorder on July 27, 2005.

    ☐ Filing of the UCC-1 Financing Statement in the office of _____ _____ on <DATE>.

    ☐ Notation of the lien on the Certificate of Title.

    ☐ Other (state with particularity)_____

A copy of the recorded Mortgage Two is attached as <u>Exhibit D</u>. Based on a Preliminary Judicial Report, the lien is the 2nd lien on the Collateral.

  10. To secure payment of Note 52814 and performance of the other terms contained in it, the Debtor executed an *Open-End Mortgage* ("**Mortgage Three**") in favor of FirstMerit Bank, N.A., dated October 9, 2007. Mortgage Three granted a lien on the Collateral, as more fully described in Mortgage Three, attached as <u>Exhibit E</u>. As part of Mortgage Three, Debtor's wife, Brenda Whitman, released her right of dower.

  11. The lien created by Mortgage Three was duly perfected by:

    X Filing of Mortgage Three in the office of the Summit County Recorder on October 18, 2007.

    ☐ Filing of the UCC-1 Financing Statement in the office of _____ _____ on <DATE>.

    ☐ Notation of the lien on the Certificate of Title.

    ☐ Other (state with particularity)_____

A copy of the recorded Mortgage Two is attached as <u>Exhibit E</u>. Based on a Preliminary Judicial

Report, the lien is the 3rd lien on the Collateral.

12. The entity in possession of the original Notes as of the date of this motion, is the Movant.

13. The entity servicing the loans is the Movant.

14. The value of the Collateral is $459,000. This valuation is based on the appraisal conducted in connection with the Sheriff's sale of this property.

15. As of the date of this Motion, there is currently due and owing on Note 6936 the outstanding principal balance of $235,698.86, plus accrued and unpaid interest at the default rate of 12.54% per annum of $36,188.02, plus late fees in the amount of $3,070.05 as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

16. The amount due and owing on Note 6936 as set forth in paragraph 15 does not include a credit for the sum held in a suspense account by the Movant. The amount of the credit is N/A.

17. As of the date of this motion, there is currently due and owing on Note 52814 the outstanding principal balance of $46,757.64, plus accrued and unpaid interest at the default rate of 10.25% per annum of $5,797.30, plus late charges of $459.45, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

18. The amount due and owing on the Note as set forth in paragraph 17 does not include a credit for the sum held in a suspense account by the Movant. The amount of the credit is N/A.

19. Also due and owing to Movant on both Notes 6936 and 52814 are pre- and post-petition attorneys' fees, costs, and litigation expenses incurred by Movant to enforce Movant's

rights under the parties' loan documents. As detailed on the attached worksheet, Movant's pre-petition attorneys' fees, costs, and litigation expenses total $57,034.35 and are secured by the above-described mortgages on the property. The amount of Movant's post-petition fees cannot be determined at this time, but will be ascertainable by the date of hearing.

20. Other parties known to have an interest in the Collateral besides the debtor, the Movant, and the trustee are (check all that apply):

- ☐ N/A.

- X The Summit County Fiscal Office, for unpaid real estate taxes, assessments, penalties and interest, which is reported by the Fiscal Office's web site on June 21, 2010 as being $17,932 through the second half of 2009.

- X Barbara L. Whitman may be a co-owner of the property and/or may have or claim to have a dower interest in the property.

- X The Ohio Department of Transportation may have an easement on the property.

21. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

- X Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: <u>Debtor has made no payments since May 2009 to protect the value of the lien</u>.

- ☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

- X Debtor has failed to keep current the real estate taxes owed on the Collateral.

- X Debtor has failed to make periodic payments to Movant since the commencement of this bankruptcy case for the month of June 2010, which unpaid payments are in the aggregate amount of $3,336.61 through June 10, 2010. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.

☐  Debtor is delinquent in funding the plan, and therefore the trustee has failed to make periodic payments to Movant since the commencement of the bankruptcy case for the months of  <STATE EACH MONTH AND YEAR>, which unpaid payments are in the aggregate amount of <AMOUNT> through <DATE>.  The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.

☐  Debtor has no equity in the Collateral, because the Collateral is valued at __, and including the Movant's lien, there are liens in an aggregate amount of _____ on the Collateral.

☐  Debtor's plan provides for surrender of the Collateral.

☐  The property is not necessary to an effective reorganization because _____.

X  Other cause (set forth with specificity): <u>The Debtor has engaged in bad faith conduct pre-petition that warrants relief from stay</u>.  (See below).

22.  The Debtor has engaged in several acts of misconduct and abuse of process—including filing a frivolous lawsuit against a state court judge, Movant's president and CEO, and one of Movant's attorneys—that were designed to harass Movant and to hinder and delay Movant's bona fide collection efforts.  This pattern of misconduct, described more fully below, constitutes "cause" warranting relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code.  *See, e.g., In re Laguna Associates Ltd. P'ship*, 30 F.3d 734, 738 (6th Cir. 1994) (holding that bad faith is independent grounds for granting relief from stay and listing the factors a court may use to determine bad faith); *In re Charfoos*, 979 F.2d 390, 394-95 (6th Cir. 1992) (holding that pre-petition conduct can warrant a finding of bad faith); *Farmers & Merchants Bank & Trust of Watertown v. Trail West, Inc.*, 28 B.R. 389, 394 (D.S.D. 1983) ("Debtor misconduct can constitute cause under § 362(d)(1)" warranting relief from stay); *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 335 (Bankr. S.D.N.Y. 2001) (granting relief from stay, in part, due to debtor's bad faith attempts to use bankruptcy as a "tactical step" in the debtor's

"battles" with the creditor).

23. The Debtor's dealings with Movant are rife with acts of frivolous and harassing conduct that, taken together, establish a pattern of bad faith warranting relief from the automatic stay. These acts include the following:

(a) On March 31, 2009, the Debtor mailed a document to Movant's CFO that purported to terminate the Debtor's obligations, in part, on the theory that Movant was an "alien enemy" of the United States. A copy of this document is attached hereto as Exhibit F-1.

(b) On July 7, 2009, the Debtor filed a frivolous[1] motion to vacate a cognovit judgment Movant obtained against the Debtor on the Notes (the "**Motion to Vacate**") in the Summit County Court of Common Pleas in the case captioned *FirstMerit Bank, N.A. v. Whitman et al.*, Case No. CV-2009-04-3079 (the "**Cognovit Case**"). A copy of the Motion to Vacate (without exhibits) is attached hereto as Exhibit F-2. The state court denied that motion on August 11, 2009, finding it "wholly without merit." A copy of the state court's order is attached hereto as Exhibit F-3.

(c) On September 2, 2009, the Debtor filed suit in the U.S. District Court for the Northern District of Ohio against Summit County Common Pleas Judge Robert Gippin (who entered the cognovit judgment against the Debtor), Movant's CEO and a workout officer, and one of the attorneys who represented Movant in the Cognovit Case. The Debtor's suit was captioned *David M. Whitman v. Paul G. Greig, et al.*, Case No. 5:09-cv-2046 (the "**Federal Suit**"). A copy of the Complaint (without exhibits) is attached as Exhibit F-4. The Complaint raised several of the same claims that the state court rejected in the Debtor's Motion to Vacate. The District Court dismissed the Federal Suit on September 30, 2009 and found that no appeal from that dismissal could be taken in good faith. A copy of the District Court's opinion is attached hereto as Exhibit F-5.

(d) On September 11, 2009, the Debtor attempted to use the Federal Suit to stall Movant's foreclosure action in state court, which action was captioned *FirstMerit Bank, N.A. v. Whitman, et al.*, Summit County Court of Common Pleas, Case No. CV-2009-05-4037 (the "**Foreclosure Case**"). The Debtor specifically moved the state court to stay the foreclosure pending a resolution of the Federal Suit (the "**Motion to Stay**"). A copy of the Motion to Stay (without exhibits) is attached as Exhibit F-6.

(e) The Debtor then filed two more meritless papers in the Foreclosure Case opposing Movant's efforts to obtain a sale of the property. First, on October 29, 2009, the Debtor opposed Movant's summary judgment motion, raising some of the same

---

[1] The Debtor's filings are nearly incomprehensible, as even a cursory review of any of the filings attached to this motion will reveal. As best as Movant can decipher, the Debtor denied signing the loan documents, disputes that Movant is in possession of the loan documents, alleged a conspiracy to defraud him, ethical violations, and that Movant supposedly lacked standing to pursue claims against him.

7

arguments previously rejected by the other courts.  A copy of the Debtor's opposition paper (without exhibits) is attached hereto as Exhibit F-7.  The state court granted summary judgment to Movant in the Foreclosure Case *the next day* (the "**Summary Judgment Order**").  A copy of the Summary Judgment Order is attached hereto as Exhibit F-8.  Undaunted, the Debtor then filed a motion to vacate the Summary Judgment Order on November 23, 2009, a copy of which is attached hereto as Exhibit F-9, raising more frivolous challenges to the validity of the loan documents and Movant's standing.

24. The Debtor's bankruptcy case appears to be a continuation of this prior course of conduct intended to abuse judicial process to hinder and delay bona fide collection efforts.  On May 18, 2010, the Summit County Sheriff filed his appraisal in the Foreclosure Case and indicated the property was scheduled to be sold on August 27, 2010.  A copy of the Sheriff's filing is attached hereto as Exhibit F-10.  The Debtor filed the instant bankruptcy case nine days later on May 27, 2010 (the "**Petition Date**"), and did so without filing most of his required schedules or other documents.

23. Movant has completed the worksheet, attached as Exhibit G.

WHEREFORE, Movant prays for an order from the Court granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable non-bankruptcy law, and to permit the Summit County Court of Common Pleas in the Foreclosure Case to determine the amount of attorney fees due to FirstMerit upon the completion of the sheriff's sale.  The Debtor and the Debtor's spouse, Brenda L. Whitman, will have the ability to obtain any excess proceeds of sale from the Summit County Sheriff, and Movant will reasonably cooperate with them in that regard.

Dated: June 24, 2010
      Cleveland, Ohio

Respectfully submitted,

/s/ Patrick T. Lewis
Brett A. Wall (0070277)
Patrick T. Lewis (0078314)
BAKER & HOSTETLER LLP
PNC Center
1900 East Ninth Street, Suite 3200
Cleveland, Ohio 44114-3485
(216) 621-0200 / Fax (216) 696-0740
bwall@bakerlaw.com
plewis@bakerlaw.com

*Counsel for Creditor, FirstMerit Bank, N.A.*

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| In re: | Case No. 10-52595-MSS |
|---|---|
| **David M. Whitman,** | Chief Judge Marilyn Shea-Stonum |
| Debtor. | Chapter 13 |
| | **CERTIFICATE OF SERVICE** |

I certify that a copy of this *Motion Of FirstMerit Bank, N.A., For Relief From Stay And Abandonment* (this "**Motion**") was filed electronically and served via the Court's electronic docketing system on June 24, 2010 upon the following:

    Office of the United States Trustee, by e-mail: (registered address)@usdoj.gov
    Keith Rucinski (Chapter 13 Trustee), by e-mail: efilings@ch13akron.com

I further certify that copies of this Motion were served via regular U.S. mail on June 24, 2010 upon the following:

| | |
|---|---|
| David M. Whitman<br>3681 Manchester Road, Suite 200<br>Akron, Ohio  44319 | Brenda L. Whitman<br>3681 Manchester Road, Suite 104<br>Akron, Ohio  44319 |
| Ohio Department of Transportation<br>c/o Richard Cordray, Ohio Attorney General<br>30 East Broad Street, 17th Floor<br>Columbus, Ohio  43215 | John A. Donofrio<br>Summit County Fiscal Officer<br>Ohio Building<br>175 South Main Street<br>Akron, Ohio  44308 |

                                          /s/ Patrick T. Lewis
                                          Patrick T. Lewis (0078314)
                                          *Attorney for Creditor, FirstMerit Bank, N.A.*